**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 3, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Brannon Ice,**
**Plaintiff Below, Petitioner**

**vs)   No. 15-0565** (Kanawha County 15-C-AP-42)

**Linda Stevens,**
**Defendant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Brannon Ice, pro se, appeals the May 1, 2015, order of the Circuit Court of Kanawha County affirming an April 16, 2015, judgment order in Respondent Linda Stevens's favor entered by the Magistrate Court of Kanawha County. In the April 16, 2015, judgment order, the magistrate court memorialized a jury's verdict that petitioner was not entitled to possession of a vehicle that respondent had repossessed from him because of his failure to make the "final contracted payment." Respondent, pro se, filed a response, and petitioner filed a reply.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 10, 2013, the parties entered into a contract for petitioner to purchase a 2001 Dodge Caravan ("Caravan") from respondent for use in his delivery business. The parties agreed that petitioner would have possession of the Caravan while he made monthly payments of $400 to respondent. The parties agreed that the last payment, for July of 2014, would be for $250. A dispute subsequently arose with regard to which party was responsible for the Caravan's license, registration, and property taxes. Respondent eventually repossessed the Caravan. Petitioner sued

---

[1]On November 16, 2015, petitioner filed a motion to file a supplemental brief and attached the brief to his motion. By an amended scheduling order entered November 17, 2015, this Court granted petitioner's motion and also permitted respondent to file a supplemental response. No supplemental response was filed.

1

respondent for breach of contract based on the Caravan's repossession in the Magistrate Court of Kanawha County on June 16, 2014. On June 27, 2014, respondent filed her answer in which she asserted a counterclaim against petitioner. Respondent sent her answer to petitioner by certified mail which he never claimed.

The magistrate court held a jury trial on April 16, 2015.[2] The magistrate court did not put the parties under oath.[3] However, the magistrate court allowed the parties to explain their respective documentary evidence to the jury and also permitted petitioner to question respondent. Thus, the magistrate court treated the parties' explanations of their evidence and petitioner's questioning of respondent as the testimony of the parties. As part of petitioner's closing argument, the magistrate court allowed him to present his evidence a second time because he insisted that he had an inadequate opportunity to do so the first time. At the close of evidence, the magistrate court instructed the jury and directed it to retire to the jury room to deliberate. Subsequently, the jury returned with a verdict that petitioner still owed respondent the "final contracted payment" of $1,050 and that respondent should allow petitioner to have the Caravan back if he paid her that amount.[4] Petitioner did not pay respondent the $1,050; instead, petitioner appealed the jury's verdict to the Circuit Court of Kanawha County.

Petitioner's appeal stated, in full, as follows:

> Feel court was not held, conducted correctly. Unfair ruling[.] Was not ever notified or aware that I was being countersued until after trial. Therefore not given time to prepare defense. Told by [respondent] that decision had already been made in my absence before I was even there and she was waiting for ruling of [sic] to be printed for her before court even held.

In an order entered May 1, 2015, the circuit court affirmed the magistrate court's April 16, 2015, judgment order which memorialized the jury's verdict.[5] The circuit court only addressed

---

[2]We have reviewed the video recording of the April 16, 2015, jury trial.

[3]The magistrate court also announced that petitioner's witnesses were not present to testify. Petitioner contends that the magistrate court should have compelled the attendance of his witnesses. We reject petitioner's contention because he offers no evidence that he properly subpoenaed his witness to appear on the date of the trial.

[4] Based on documents found in petitioner's appendix, petitioner made the monthly payments for March and April of 2014, which petitioner describes as the "last two $400 dollar payments I made." Therefore, it appears that the jury found that petitioner owed respondent the monthly payments for May and June of 2014 and the final payment of $250 for July of 2014, which total $1,050.

[5]Because petitioner was appealing a jury verdict, the circuit court provided petitioner with an appeal "on the record" rather than a trial de novo. *See* W.Va. Code § 50-5-12(b); Rule 18(d), (continued . . .)

2

petitioner's contention that he did not have notice of respondent's counterclaim. The circuit court found that respondent's claim was a compulsory counterclaim and, therefore, it was proper for respondent to assert it in her answer. Because the counterclaim was set forth in respondent's answer, the circuit court found that petitioner had notice of it.

Petitioner now appeals the jury's verdict to this Court. In Syllabus Point 2 of *Karpacs-Brown v. Murthy*, 224 W.Va. 516, 686 S.E.2d 746 (2009), we held, as follows:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

(Internal quotations and citations omitted.)

On appeal, petitioner contends that the circuit court misconstrued the nature of his argument with regard to respondent's counterclaim.[6] Petitioner states that the issue is not whether he knew of the counterclaim, but whether he was properly served with it because he never claimed the certified mail sent by respondent. However, based on our review of the video recording of the April 16, 2015, jury trial, we find that petitioner's argument that he was not properly served with respondent's counterclaim has been rendered moot. During her testimony, respondent explained to the jury that the damages she sought in her counterclaim were for expenses she incurred in repossessing the van. But, respondent told the jury that "I'm not asking for anything" with regard to her counterclaim because she believed that her counterclaim was "null and void" given that petitioner never retrieved the certified mail she sent him.

We note that petitioner does not dispute that respondent indicated that she was giving up her counterclaim and find that the jury correctly understood that respondent abandoned the counterclaim. The jury's verdict specifically stated that it found that petitioner owed respondent the "final contracted payment" of $1,050 for the purchase of the Caravan. The jury's reference to the parties' contract signified that the jury reached its verdict based on petitioner's claim that he was entitled to possession of the Caravan and on respondent's defense to that claim—not on any counterclaim abandoned by respondent. Therefore, we conclude that the issue of whether petitioner was properly served with respondent's counterclaim was rendered moot when the jury did not award any damages based on the counterclaim.

---

W.V.R.Civ.P.Mag.Ct.

[6]We note that respondent opposes this and all other assignments of error raised by petitioner in his brief.

3

We easily dispose of petitioner's remaining assignments of error: (1) that petitioner did not receive a fair trial; (2) that respondent perjured herself; and (3) that the magistrate court and/or respondent somehow prearranged the jury's verdict. First, we find that the magistrate court was more than fair in allowing petitioner to present his evidence a second time after petitioner insisted that he had an inadequate opportunity to do so the first time. *See Sprouse v. Clay Commc'n, Inc.*, 158 W.Va. 427, 464, 211 S.E.2d 674, 698 (1975) (stating that a litigant is only entitled to a fair trial, but not a perfect trial "because such a thing does not exist"). Second, while petitioner alleges that respondent constantly lied to the jury, we reiterate that "[c]redibility determinations are for a jury and not an appellate court." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Third, having viewed the recording of the trial, we find no merit to petitioner's contention that either the verdict in the case was reached prior to trial or that the jury was instructed outside of his presence. Therefore, we conclude that no reason exists to disturb the jury's verdict.

For the foregoing reasons, we affirm the circuit court's May 1, 2015, order upholding the magistrate court's April 16, 2015, judgment order entering the jury's verdict in respondent's favor.

Affirmed.

**ISSUED:** June 3, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4